Colin P. King (Utah State Bar No. 1815)
cking@dkowlaw.com
Walter M. Mason (Utah State Bar No. 16891)
wmason@dkowlaw.com
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE
36 South State Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 533-0400

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SIPOLOA FUIMAONO, | **COMPLAINT** |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | Case No. 4:21-cv-00115-DN |
| PROSEAL AMERICA HOLDINGS, LLC, | |
| Defendant. | |

## PARTIES

1. Plaintiff, Sipoloa Fuimaono ("Plaintiff"), is an adult individual residing at 266 South 200 East, Ephraim, Utah, within the District of Utah.

2. Upon information and belief, defendant, Proseal America Holdings LLC d/b/a Proseal America Inc. ("Proseal"), is a Virginia corporation with a principal place of business located at 7611 Whitepine Rd., Richmond, VA 23237 and registered agent at 4701 Cox Rd., Suite 285, Glen Allen, VA 23060, which regularly conducts business in the state of Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this claim under 28 U.S.C. § 1332(a)(1), because Plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS

5. Upon information and belief, Proseal designed and manufactured a GT4eX Twin Heat Sealing System, built in or around 2017 (the "Heat Sealing System").

6. The Heat Sealing System is an automatic, in-line tray system that cuts and heat seals plastic wrap to seal it around trays of food products.

7. Upon information and belief, Norbest Farms LLC ("Norbest"), located at 306 West 300 South, Moroni, Utah, purchased the Heat Sealing System from Proseal in or around 2018.

8. At all relevant times, Plaintiff was an employee of Norbest.

9. Upon information and belief, Proseal delivered the Heat Sealing System to Norbest's premises and installed it, as well as provided training to Norbest personnel as to the machine's maintenance and operation.

10. Upon information and belief, in November 2020, Norbest personnel were performing maintenance on the Heat Sealing System and disconnected a door interlock.

11. On or about November 17, 2020, Plaintiff was operating the Heat Sealing System, and observed that the plastic wrap was becoming bound up in the assembly area.

12. Plaintiff activated a "stop" button on the Heat Sealing System operator's panel and opened the assembly doors to unbind the film, when suddenly and without warning, the assembly

head activated, resulting in the traumatic amputation of Plaintiff's right thumb, index and middle fingers (hereinafter "Subject Incident").

13. As a direct and proximate result of Proseal's defective product, as will be discussed in detail below, Plaintiff suffered and continues to suffer:

    a. Serious, debilitating, painful personal injuries resulting in permanent disability and disfigurement, including but not limited to the traumatic amputation of her right thumb, index and middle fingers;

    b. Hospitalization and invasive medical procedures;

    c. Past, present and future pain, suffering, humiliation, embarrassment, and emotional and mental distress;

    d. Past, present and future medical expenses and related services;

    e. Past, present and future lost wages and earning capacity;

    f. Attorney fees and legal costs; and

    g. Any and all other injuries and damages found to be appropriate by the trier of facts.

## COUNT I – STRICT LIABILITY

14. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

15. Upon information and belief and at all relevant times, the Heat Sealing System was designed, manufactured, sold and placed into the stream of commerce by Proseal in or around 2018.

16. At all relevant times herein, the Heat Sealing System was in the same or similar condition as it was at the time of its sale and distribution by Proseal; alternatively, any changes therein were foreseeable and did not constitute a material alteration of the Heat Sealing System, which was then and there defective and unreasonably dangerous as alleged below.

17. The Heat Sealing System was at all relevant times being used in a manner that was or should have been reasonably anticipated at the time it was designed, manufactured and sold.

18. The Heat Sealing System was unreasonably dangerous and defective in design, manufacture and warnings within the meaning of the Utah Product Liability Act in one or more of the following respects:

   a. Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Heat Sealing System in a defective condition;

   b. Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Heat Sealing System, which was unreasonably dangerous to the intended end-users, including Plaintiff;

   c. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat Sealing System when it was not reasonably fit, suitable or safe for its intended and represented purposes;

   d. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat Sealing System, when it lacked inexpensive and necessary safety features, all of which were standard in the industry, to protect intended end-users, including Plaintiff;

   e. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat Sealing System, when it lacked necessary, proper and/or adequate warnings;

   f. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat Sealing System, which when used properly would cause serious injury to end-users, including Plaintiff;

   g. Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Heat Sealing System, which failed to incorporate adequate guards or safeguards to effectively protect intended end-users, such as Plaintiff, from accessible pinch, crush, and other hazardous points;

   h. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat Sealing System, which lacked adequate warnings regarding dangerous accessible point-of-operating hazards;

   i. Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat System, which lacked programming

        or logic to prevent intended end-users, such as Plaintiff, from placing a body part in accessible pinch, crush, and other hazardous points when interlocks were not functioning; and

    j.    Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Heat Sealing System, which lacked programming or logic equipped with a method to adequately warn of the danger related to motion hazards of the machine.

19.    As a direct and proximate result of defendant Proseal's defective product, the Heat Sealing System, Plaintiff suffered and continues to suffer as described in further detail in paragraphs 12-13, *supra*.

WHEREFORE, Plaintiff, Sipoloa Fuimaono respectfully requests that this Court award damages to Plaintiff exceeding $75,000, excluding attorney fees and costs, and grant any other relief it deems equitable under the circumstances, and as provided pursuant to Utah law.

## COUNT II – NEGLIGENCE

20.    Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

21.    Proseal owed a duty of care to Plaintiff to manufacture, design, produce, sell, supply, advertise, market, install and/or distribute a reasonably safe product.

22.    Proseal breached this duty and was negligent in its failure to equip the Heat Sealing System with adequate guarding, methods and/or warnings to prevent contact with motion hazards during the normal and foreseeable use of the machine.

23.    Proseal was negligent with respect to the Heat Sealing System in the following ways:

    a.    Allowing direct access to hazardous pinch and crush points formed within the point of operation in or around the assembly area of the Heat Sealing System;

b.  Failing to provide adequate guarding to prevent direct access to the hazardous pinch and crush points formed within the point of operation of the Heat Sealing System;

c.  Creating excessive openings that unnecessarily expose workers to points of operation hazards;

d.  Failing to incorporate adequate guards or safeguards to effectively protect workers from accessible pinch and crush points while operating the Heat Sealing System;

e.  Failing to incorporate adequate point-of-operation guards or safety devices that prevent workers from reaching hazardous rotating machine components;

f.  Failing to provide adequate warnings about accessible point-of-operation hazards;

g.  Failing to advise end-users about the potential for serious injuries due to accessible, unguarded pinch and crush points;

h.  Failing to provide interlocks or appropriately functioning sensor guarding to prevent the Heat Sealing System's rotating parts when a worker's hands are near the hazard point while operating the same;

i.  Failing to recognize foreseeable hazards associated with the absence of guards, interlocks, foreign-object sensors on the Heat Sealing System;

j.  Failing to fit-out the Heat Sealing System with adequate guards, interlocks, and foreign-object sensors;

k.  Failing to develop, publish, and enforce procedures for the safe operation and use of the Heat Sealing System;

l.  Failing to provide appropriate and adequate warnings, instructions, and labels warning of the dangers associated with operation and use of the Heat Sealing System;

m.  Failing to ensure that any warnings or labels on the Heat Sealing System were clearly displayed and visible at all times;

n.  Failing to design and equip the Heat Sealing System with programming or logic to prevent intended end-users, such as Plaintiff, from placing a body part in accessible pinch, crush, and other hazardous points when interlocks were not functioning

      o.    Failing to design and equip the Heat Sealing System with reliable and defect-free foreign object sensors to detect the presence of a foreign object inside the same; and

      p.    Failing to install and/or ensure that integral, non-removable guards were on the Heat Sealing System.

24.    Proseal's negligence with respect to the Heat Sealing System was the proximate cause of some or all of Plaintiff's injuries and damages.

25.    The Subject Incident, injuries and damages set forth by Plaintiff were proximately caused by defendant Proseal's careless and negligent undertaking its duties and responsibilities as stated herein; said injuries and damages arose from the same general types of danger that the defendant should have taken reasonable steps to avoid.

26.    As a direct and proximate result of defendant Proseal's defective product, the Heat Sealing System, Plaintiff suffered and continues to suffer as described in further detail in paragraphs 12-13, *supra*.

WHEREFORE, Plaintiff, Sipoloa Fuimaono, respectfully requests that this Court award damages to Plaintiff exceeding $75,000, excluding attorney fees and costs, and grant any other relief it deems equitable under the circumstances, and as provided pursuant to Utah law.

## COUNT III – BREACH OF WARRANTY

27.    Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

28.    Proseal expressly and/or impliedly warranted that the Heat Sealing System would be manufactured and designed in a good and workmanlike manner and in accordance with all applicable codes, standards, and industry practices.

29.    Proseal breached the expressed and/or implied terms of the warranties in that Proseal did not design and manufacture the Heat Sealing System in a good and workmanlike

manner and in compliance with all applicable codes, standards, and industry practices. The acts which constitute a breach of the express and/or implied warranties include:

    a.    Allowing direct access to hazardous pinch and crush points formed within the point of operation in or around the assembly area of the Heat Sealing System;

    b.    Failing to provide adequate guarding to prevent direct access to the hazardous pinch and crush points formed within the point of operation of the Heat Sealing System;

    c.    Creating excessive openings that unnecessarily expose workers to points-of-operation hazards;

    d.    Failing to incorporate adequate guards or safeguards to effectively protect workers from accessible pinch and crush points while operating the Heat Sealing System;

    e.    Failing to incorporate adequate point-of-operation guards or safety devices that prevent workers from reaching hazardous rotating machine components;

    f.    Failing to provide adequate warnings about accessible point-of-operation hazards;

    g.    Failing to advise end-users about the potential for serious injuries due to accessible, unguarded pinch and crush points;

    h.    Failing to provide interlocks or appropriately functioning sensor guarding to prevent the Heat Sealing System's rotating parts when a worker's hands are near the hazard point while operating the same;

    i.    Failing to recognize foreseeable hazards associated with the absence of guards, interlocks, and foreign-object sensors on the Heat Sealing System;

    j.    Failing to fit out the Heat Sealing System with adequate guards, interlocks, and foreign-object sensors;

    k.    Failing to develop, publish, and enforce procedures for the safe operation and use of the Heat Sealing System;

    l.    Failing to provide appropriate and adequate warnings, instructions, and labels warning of the dangers associated with operation and use of the Heat Sealing System;

    m.    Failing to ensure that any warnings or labels on the Heat Sealing System were clearly displayed and visible at all times;

    n.    Failing to design and equip the Heat Sealing System with programming or logic to prevent intended end-users, such as Plaintiff, from placing a body part in accessible pinch, crush, and other hazardous points when interlocks were not functioning

    o.    Failing to design and equip the Heat Sealing System with reliable and defect-free foreign-object sensors to detect the presence of a foreign object inside the same; and

    p.    Failing to install and/or ensure that integral, non-removable guards were on the Heat Sealing System.

30.    Proseal's breach of express and implied terms of the warranty was a direct and proximate cause of the Subject Incident and Plaintiff's harms and losses.

WHEREFORE, Plaintiff, Sipoloa Fuimaono, respectfully requests that this Court award damages to Plaintiff exceeding $75,000, excluding attorney fees and costs, and grant any other relief it deems equitable under the circumstances, and as provided pursuant to Utah law.

DATED this 23rd day of November 2021.

DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE

/s/Colin King
Colin P. King
Walter M. Mason

Plaintiff's Address:
C/O Colin P. King
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE
36 S. State Street, Suite 2400
Salt Lake City, Utah 84111